United States District Court
Southern District of Texas
**ENTERED**
June 02, 2020
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| BILLY TROY DERAMUS, § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:19-CV-4683 |
| § | |
| SHAPIRO SCHWARTZ, LLP AND § | |
| NATIONSTAR MORTGAGE, LLC D/B/A § | |
| MR. COOPER, § | |
| *Defendants*. § | |

## MEMORANDUM AND RECOMMENDATION

This matter is before the Court on Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkts. 9, 10.[1] Plaintiff filed what the Court construes as his Complaint (Dkt. 1) pro se on November 29, 2019.[2] The Court recommends that Nationstar's Motion to Dismiss be GRANTED and all claims against Nationstar be DISMISSED with prejudice.

### I. Background

Plaintiff's Complaint contains very few factual allegations and consists mostly of citations to seemingly irrelevant statutory provisions. From what the Court can ascertain, on December 30, 2014, Plaintiff executed a promissory note in the amount of $157,102.00 secured by a deed of trust on property in Harris County, Texas. Dkt. 1 at 2, 25. The Substitute Trustee's Deed and Notice of Trustee's Sale attached to Nationstar's Motion show that Plaintiff defaulted on the note, which led to a notice of default, acceleration of the debt, notice of foreclosure, and sale of the property at

---

[1] The District Court referred the case to this Magistrate Judge for pre-trial management. Dkt. 22.
[2] Plaintiff titled his initial filing "Affidavit of Truth Fraudulent Eviction Unlawful Foreclosure." Dkt. 1. On December 2, 2019, Plaintiff filed a supplemental signature page for his "Affidavit." Dkt. 4. The clerk's office docketed the signature page as a motion for leave to file a supplement, and it is granted.

a foreclosure sale on October 1, 2019. Dkt. 10-1. Nationstar purchased the property at the foreclosure sale with a credit bid of $152,000.00. *Id.* Plaintiff's Complaint includes no factual allegations about the foreclosure proceedings. Plaintiff appears to allege that he does not owe anyone money because Defendants did not give him gold or silver. Dkt. 1 at 10. Plaintiff alleges that he received documents, apparently from Shapiro Schwartz LLP, wrongly identifying him as a "tenant" and attempting to evict him from the property. Dkt. 1 at 6-7. Subsequent filings in this case indicate that Dieu Tuyetthi Troung instituted eviction proceedings against Plaintiff on December 27, 2019 based on the representation that he purchased the property on October 21, 2019. Dkt. 6, 15.

Plaintiff's Complaint cites 48 U.S.C. § 1988 as the source of this Court's jurisdiction. *Id.* at 3. The Complaint purports to assert claims for violations of 18 U.S.C. §§ 1341, 1342, 1344, 1348, 1349 and 1350 related to mail fraud; 18 U.S.C. §§ 241, 242, 245, and 246 related to civil rights; 31 U.S.C. §§ 5101, 5102, 5103 related to the monetary system; and 31 U.S.C. §§ 5301-5304, 5311-5332, and 5340-5355 related to monetary transactions and financial crimes. The Court construes the Complaint as also asserting claims for violation of the Federal Housing Act (FHA) and Real Estate Settlement Procedures Act (RESPA). Plaintiff's Complaint includes no factual allegations that explain how Nationstar violated the above statutes.

**II.    Legal Standards**

**A. Rule 12(b)(1)**

When subject matter jurisdiction is challenged, the court "is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has power to hear the case." *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004); *Krim v. Pcorder.com*, 402 F.3d 489, 494 (5th Cir. 2005). The court may consider any of the following in resolving a Rule 12(b)(1) motion: "(1) the

complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *see also Schaeffler v. United States*, 889 F.3d 238, 242 (5th Cir. 2018). The plaintiff bears the burden of establishing subject matter jurisdiction. *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 388 (5th Cir. 2014). If the plaintiff fails to meet his burden, the case must be dismissed. *Id.*

### B. Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

### III. Analysis

Plaintiff's Complaint cites 48 U.S.C. § 1988 as the source of this Court's jurisdiction.[3] *Id.* at 3. Nationstar has moved to dismiss this case for lack of jurisdiction under Rule 12(b)(1) because 42 U.S.C. § 1988 does not create a private cause of action and does not confer federal jurisdiction. *See Harding v. Am. Stock Exch., Inc.*, 527 F.2d 1366, 1370 (5th Cir. 1976) ("Section 1988 merely

---

[3] Plaintiff alleges that all parties are citizens of Texas. Dkt. 1 at 4. Therefore, he cannot rely on diversity jurisdiction under 28 U.S.C. § 1332.

'instructs federal courts as to what law to apply in causes of action arising under federal civil rights acts.' It does not create a federal cause of action for alleged deprivation of constitutional rights." (internal citation omitted)); *Galan v. Wolf*, No. CIV. A. 90-855, 1990 WL 109374, at *2 (E.D. La. July 17, 1990), *aff'd*, 925 F.2d 1459 (5th Cir. 1991) ("Section 1988 deals with the court's authority to award attorney's fees to the successful party in a civil rights action. It does not create rights nor confer jurisdiction.") (internal citation omitted)).

It is clear that 42 U.S.C. § 1988 does not confer federal jurisdiction. However, Plaintiff has attempted to assert claims under federal statutes that can confer federal jurisdiction. *See* 42 U.S.C. § 3613(a)(1)(A) (an aggrieved person may commence suit under the Federal Housing Act (FHA)); 12 U.S.C.A. § 2614 (an action for violation of the Real Estate Settlement Procedures Act (RESPA) should be brought in the United States District Court). Therefore, the Court will consider Nationstar's Motion to Dismiss under Rule 12(b)(6). *See Armbrister v. McFarland*, No. 3:18-CV-1211-B-BH, 2018 WL 6004310, at *4 n.4 (N.D. Tex. Oct. 30, 2018), *report and recommendation adopted*, No. 3:18-CV-1211-B-BH, 2018 WL 5994992 (N.D. Tex. Nov. 15, 2018) (while defendant moved under Rule 12(b)(1) and 12(b)(6), it was appropriate to dismiss with prejudice under Rule 12(b)(6) because courts have repeatedly held that violations of criminal statutes do not give rise to a private right of action and dismissed such claims with prejudice under Rule 12(b)(6)).

    **A.**    **Other than FHA and RESPA, the statutes Plaintiff sues under do not create a private cause of action and Plaintiff's claims under those statutes must be dismissed.**

A private cause of action to enforce a statute exists only if created by Congress. *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). "The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy." *Id.* The Court has already held that 42 U.S.C. § 1988 does not create a private cause of

4

action or private remedy.  Similarly, the criminal statutes to which Plaintiff cites do not confer Plaintiff with a private right of action or private remedy.  *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Quarles v. State of Tex.*, 312 F. Supp. 835, 837 (S.D. Tex. 1970) ("18 U.S.C. 242-244 do not give this Court jurisdiction because they create only criminal jurisdiction.").  In addition, Title 31 of the U.S. Code regarding monetary transactions, financial crimes, and federal strategies for investigating and prosecuting financial crimes, does not provide for any private right of action.  *See McReynolds v. United States,* No. 4:17-CV-422-ALM-CAN, 2017 WL 6884122, at *2 (E.D. Tex. Nov. 7, 2017), report and recommendation adopted, No. 4:17-CV-422, 2018 WL 338632 (E.D. Tex. Jan. 9, 2018) (31 U.S.C. § 5118 "provides no private right of action.").

Because 42 U.S.C. § 1988 related to civil rights; 18 U.S.C. §§ 1341, 1342, 1344, 1348, 1349 and 1350 related to mail fraud; 18 U.S.C. §§ 241, 242, 245, and 246 related to civil rights; 31 U.S.C. §§ 5101, 5102, 5103 related to the monetary system; and 31 U.S.C. §§ 5301-5304, 5311-5332, and 5340-5355 related to monetary transactions and financial crimes do not display any indication of Congressional intent to create a private right and a private remedy, Plaintiff's claims for violation of these statutes should be dismissed with prejudice under Rule 12(b)(6).  *Armbrister*, 2018 WL 6004310, at *4 n.4; *Hernandez v. Ciba-Geigy Corp. USA*, 200 F.R.D. 285, 289 (S.D. Tex. 2001) (dismissing claim pursuant to Rule 12(b)(6) because there is no private right of action under the UN Convention).

### B. Plaintiff fails to state a claim under the FHA.

The FHA prohibits discrimination based on a person's race or other protected characteristics in connection with the sale or rental of real property.  42 U.S.C. § 3604; *Simms v.*

*First Gibraltar Bank*, 83 F.3d 1546, 1559 (5th Cir. 1996) ("The FHA [ ] prohibits a lending institution from using race, or any other prohibited factor, as a basis for making a lending decision."). The FHA provides for a private remedy:

> An aggrieved person may commence a civil action in an appropriate Unites States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice, or the breach of a conciliation agreement entered into under this title, whichever occurs last, to obtain appropriate relief with respect to such discriminatory housing practice or breach.

42 U.S.C. § 3613(a)(1)(A).

Plaintiff's complaint fails to explain how Nationstar allegedly violated the FHA. Plaintiff has also failed to allege that he belongs to a protected class, that Nationstar took any action because of his protected class, or that Nationstar treated others outside of his protected class differently than it treated him, allegations which are required to plead intentional discrimination under the FHA. *Simms*, 83 F.3d at 1559. For these reasons, the Complaint should be dismissed pursuant to *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Further, the FHA does not address foreclosure proceedings, and does not appear to provide any other plausible claim by Plaintiff against Nationstar. *See* 42 U.S.C. § 3604 (identifying conduct prohibited by the FHA). Finally, the record establishes that Plaintiff executed the Note and Deed of Trust on December 14, 2014. Dkt. 10-1. Therefore, any claim under the FHA arising out of Nationstar's lending practices is barred by the applicable 2-year statute of limitations. For all of these reasons, Plaintiff's claims against Nationstar should be dismissed with prejudice.

    C.    **Plaintiff fails to state a claim under RESPA.**

Plaintiffs' Complaint makes a passing reference to "U.S. Code Title 12. BANKS AND BANKING Chapter 27. REAL ESTATE SETTLEMENT PROCEDURES." Dkt. 1 at 3. Plaintiff fails to allege a provision of RESPA under which he sues and fails to include any factual

6

allegations explaining how Nationstar allegedly violated the statute. Again, the Complaint should be dismissed on this basis pursuant to *Twombly*, 550 U.S. at 570.

In addition, private actions pursuant to RESPA must be brought "within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation." 12 U.S.C.A. § 2614. Plaintiff executed his loan documents on December 14, 2014 and filed this case on November 29, 2019. Therefore, any claim he may have under RESPA is time-barred. Plaintiff has failed to plead a plausible claim against Nationstar for violations of RESPA and the claim should be dismissed with prejudice. *See Twombly*, 550 U.S. at 570.

### IV. Conclusion

For the reasons discussed above, Plaintiffs' Complaint does not state a claim for relief for which relief can be granted against Nationstar. The deficiencies in Plaintiff's Complaint cannot be cured by amendment. *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) ("a district court may refuse leave to amend if the filing of the amended complaint would be futile, i.e., if the complaint as amended would be subject to dismissal."). Therefore, the Court RECOMMENDS that Defendant's motion (Dkts. 9, 10) be GRANTED and this case be DISMISSED with prejudice as to Nationstar. For the same reasons, the Court further RECOMMENDS that Plaintiff's Motion to Strike Nationstar's Motion to Dismiss (Dkt. 23) be DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass*

*v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on June 02, 2020, at Houston, Texas.

                                                   Christina A. Bryan
                                            United States Magistrate Judge