United States District Court
Southern District of Texas

**ENTERED**

June 02, 2020

David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| BILLY TROY DERAMUS, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-CV-4683 |
| | § | |
| SHAPIRO SCHWARTZ, LLP AND | § | |
| NATIONSTAR MORTGAGE, LLC D/B/A | § | |
| MR. COOPER, | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

This matter is before the Court on Defendant Shapiro Schwartz, LLP's Motion for Judgment on the Pleadings pursuant to Federal Rules of Civil Procedure 12(c).  Dkt. 29.[1]  Plaintiff has not filed a timely response.[2]  The Court recommends that Shapiro Schwartz LLP's (Shapiro's) Motion be GRANTED and all claims against Shapiro be DISMISSED with prejudice.[3]

## I.     Background

Plaintiff's Complaint contains very few factual allegations and consists mostly of citations to seemingly irrelevant statutory provisions.  From what the Court can ascertain, on December 30, 2014, Plaintiff executed a promissory note in the amount of $157,102.00 secured by a deed of trust on property in Harris County, Texas.  Dkt. 1 at 2, 25.  The Substitute Trustee's Deed and Notice of Trustee's Sale attached to Nationstar's Motion to Dismiss (Dkt. 10) show that Plaintiff defaulted

---

[1] Plaintiff filed what the Court construes as his Complaint (Dkt. 1) pro se on November 29, 2019.  Plaintiff titled his initial filing "Affidavit of Truth Fraudulent Eviction Unlawful Foreclosure."  Dkt. 1

[2] Under Local Rules for the Southern District of Texas, the Court may construe Plaintiff's failure to respond as an indication the motion is unopposed.  LOC. R. S.D. TEX. 7.4.  While it is not appropriate to grant a motion to dismiss with prejudice based solely on the lack of response, *See Lopez v. VHS San Antonio Partners, LLC*, Civil Action No. 17-CA-151, 2017 WL 10841974, at *1 n.1 (W.D. Tex. Dec. 19, 2017), Plaintiff has presented no facts that plausibly state a claim for relief and the Court concludes amendment would be futile.  *Vanskiver v. City of Seabrook, Texas*, Civil Action No. H-17-3365, 2018 WL 560231, at *7 (S.D. Tex. Jan. 24, 2018).

[3] The District Court referred the case to this Magistrate Judge for pre-trial management.  Dkt. 22.

on the note, which led to a notice of default, acceleration of the debt, notice of foreclosure, and sale of the property at a foreclosure sale on October 1, 2019.  Dkt. 10-1.  Nationstar purchased the property at the foreclosure sale with a credit bid of $152,000.00.  *Id.*  Plaintiff's Complaint includes no factual allegations about the foreclosure proceedings.  Plaintiff appears to allege that he does not owe anyone money because Defendants did not give him gold or silver. Dkt. 1 at 10.  Plaintiff alleges that he received documents, apparently from Shapiro Schwartz LLP, wrongly identifying him as a "tenant" and attempting to evict him from the property. Dkt. 1 at 6-7.  Subsequent filings in this case indicate that Dieu Tuyetthi Troung instituted eviction proceedings against Plaintiff on December 27, 2019 based on the representation that he purchased the property on October 21, 2019.  Dkt. 6, 15.

Plaintiff's Complaint cites 48 U.S.C. § 1988 as the source of this Court's jurisdiction.  *Id.* at 3.  The Complaint purports to assert claims for violations of 18 U.S.C. §§ 1341, 1342, 1344, 1348, 1349 and 1350 related to mail fraud; 18 U.S.C. §§ 241, 242, 245, and 246 related to civil rights; 31 U.S.C. §§ 5101, 5102, 5103 related to the monetary system; and 31 U.S.C. §§ 5301-5304, 5311-5332, and 5340-5355 related to monetary transactions and financial crimes. The Court construes the Complaint as also asserting claims for violation of the Federal Housing Act (FHA) and Real Estate Settlement Procedures Act (RESPA).  Plaintiff's Complaint includes no factual allegations that explain how Shapiro violated the above statutes.

## II.    Legal Standards

### A.  Rule 12(c)

"After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings."  FED. R. CIV. P. 12(c).  "A motion brought pursuant to Fed.R.Civ.P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on

the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990).  The standards for deciding motions under Rule 12(c) are the same as under Rule 12(b)(6).  *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312–13 (5th Cir. 2002).

### B.  Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).  In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

### III.  Analysis

Shapiro is entitled to judgment on the pleadings because Plaintiff's Complaint fails to state a claim for which relief can be granted against Shapiro and because Shapiro is protected from suit by attorney immunity.

### A.  Other than FHA and RESPA, the statutes Plaintiff sues under do not create a private cause of action and Plaintiff's claims under those statutes must be dismissed.

A private cause of action to enforce a statute exists only if created by Congress. *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001).  "The judicial task is to interpret the statute Congress has

passed to determine whether it displays an intent to create not just a private right but also a private remedy." *Id.* The Court has already held that 42 U.S.C. § 1988 does not create a private cause of action or private remedy. Similarly, the criminal statutes to which Plaintiff cites do not confer Plaintiff with a private right of action or private remedy. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Quarles v. State of Tex.*, 312 F. Supp. 835, 837 (S.D. Tex. 1970) ("18 U.S.C. 242-244 do not give this Court jurisdiction because they create only criminal jurisdiction."). In addition, Title 31 of the U.S. Code regarding monetary transactions, financial crimes, and federal strategies for investigating and prosecuting financial crimes, does not provide for any private right of action. *See McReynolds v. United States,* No. 4:17-CV-422-ALM-CAN, 2017 WL 6884122, at *2 (E.D. Tex. Nov. 7, 2017), report and recommendation adopted, No. 4:17-CV-422, 2018 WL 338632 (E.D. Tex. Jan. 9, 2018) (31 U.S.C. § 5118 "provides no private right of action.").

Because 42 U.S.C. § 1988 related to civil rights; 18 U.S.C. §§ 1341, 1342, 1344, 1348, 1349 and 1350 related to mail fraud; 18 U.S.C. §§ 241, 242, 245, and 246 related to civil rights; 31 U.S.C. §§ 5101, 5102, 5103 related to the monetary system; and 31 U.S.C. §§ 5301-5304, 5311-5332, and 5340-5355 related to monetary transactions and financial crimes do not display any indication of Congressional intent to create a private right and a private remedy, Plaintiff's claims for violation of these statutes should be dismissed with prejudice under Rule 12(b)(6). *Armbrister*, 2018 WL 6004310, at *4 n.4; *Hernandez v. Ciba-Geigy Corp. USA*, 200 F.R.D. 285, 289 (S.D. Tex. 2001) (dismissing claim pursuant to Rule 12(b)(6) because there is no private right of action under the UN Convention).

**B.      Plaintiff fails to state a claim under the FHA.**

The FHA prohibits discrimination based on a person's race or other protected characteristics in connection with the sale or rental of real property.  42 U.S.C. § 3604; *Simms v. First Gibraltar Bank*, 83 F.3d 1546, 1559 (5th Cir. 1996) ("The FHA [ ] prohibits a lending institution from using race, or any other prohibited factor, as a basis for making a lending decision.").  The FHA provides for a private remedy:

> An aggrieved person may commence a civil action in an appropriate Unites States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice, or the breach of a conciliation agreement entered into under this title, whichever occurs last, to obtain appropriate relief with respect to such discriminatory housing practice or breach.

42 U.S.C. § 3613(a)(1)(A).

Plaintiff's complaint fails to explain how Shapiro allegedly violated the FHA.  Plaintiff has also failed to allege that he belongs to a protected class, that Shapiro took any action because of his protected class, or that Shapiro treated others outside of his protected class differently than it treated him, allegations which are  required to plead intentional discrimination under the FHA. *Simms*, 83 F.3d at 1559.  For these reasons, the Complaint should be dismissed pursuant to *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Further, the FHA does not address foreclosure proceedings, and does not appear to provide any other plausible claim by Plaintiff against Shapiro.  *See* 42 U.S.C. § 3604 (identifying conduct prohibited by the FHA).  Finally, the record establishes that Plaintiff executed the Note and Deed of Trust on December 14, 2014.  Dkt. 10-1.  Therefore, any claim under the FHA is barred by the applicable 2-year statute of limitations.  For all of these reasons, Plaintiff's claims against Shapiro should be dismissed with prejudice.

**C.      Plaintiff fails to state a claim under RESPA.**

Plaintiffs' Complaint makes a passing reference to "U.S. Code Title 12. BANKS AND BANKING Chapter 27. REAL ESTATE SETTLEMENT PROCEDURES." Dkt. 1 at 3. Plaintiff fails to allege a provision of RESPA under which he sues and fails to include any factual allegations explaining how Shapiro allegedly violated the statute.  Again, the Complaint should be dismissed on this basis pursuant to *Twombly*, 550 U.S. at 570.

In addition, private actions pursuant to RESPA must be brought "within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation." 12 U.S.C.A. § 2614.  Plaintiff executed his loan documents on December 14, 2014 and filed this case on November 29, 2019. Therefore, any claim he may have under RESPA is time-barred. Plaintiff has failed to plead a plausible claim against Shapiro for violations of RESPA and the claim should be dismissed with prejudice.  *See Twombly*, 550 U.S. at 570.

**D.  Attorney immunity bars Plaintiff's claims against Shapiro.**

Attorney immunity prevents an attorney from being "forced constantly to balance his own potential exposure against his client's best interest." *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 346 (5th Cir. 2016) (citation omitted).  "It is axiomatic that an attorney acting in his representational capacity in a foreclosure proceeding is protected by qualified immunity." *Roberson v. Bank of New York Mellon*, No. 3:17-CV-00190, 2018 WL 2454158, at *2 (S.D. Tex. May 7, 2018), *report and recommendation adopted*, No. 3:17-CV-00190, 2018 WL 2446593 (S.D. Tex. May 30, 2018); *Iqbal v. Bank of Am., N.A.*, 559 F. App'x 363, 365 (5th Cir. 2014) (citing Texas law for holding attorney immunity applies outside of the litigations context and protects

lawyers representing parties in foreclosure proceedings).  An attorney claiming immunity has the burden to conclusively establish that the conduct Plaintiff alleges was within the scope of the attorney's legal representation of the client.  *Kelly v. Nichamoff*, 868 F.3d 371, 375 (5th Cir. 2017). To succeed on the defense of attorney immunity on a Rule 12(c) motion, it must be apparent on the face of the complaint that the alleged conduct is within the scope of attorney immunity.  *Id.*; *Ironshore Europe DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 763–64 (5th Cir. 2019) (applying Texas law).  The scope of attorney immunity turns on the type of conduct engaged in by the attorney. *Dorrell v. Proskauer Rose LLP,* No. 3:16-CV-1152-N, 2017 WL 6764690, at *2 (N.D. Tex. Nov. 2, 2017) (noting courts have applied attorney immunity to conduct that requires the professional training, skill, and authority of an attorney).

Although Plaintiff's Complaint is disorganized and confusing, it is clear that the conduct he alleges Shapiro engaged in—sending letters and notices, filing legal documents, attempting to obtain a judgment and possession of the property for its clients (Dkt. 1 at 6-7)—falls squarely within the scope of a lawyer's duties in representing its client.  The Court concludes that it is apparent from the face of the Complaint that Shapiro is protected from this suit by attorney immunity, and its Motion for Judgment on the pleading should be granted.

## IV.    Conclusion

For the reasons discussed above, Plaintiff's Complaint does not state a claim against Shapiro for which relief can be granted and Shapiro is protected from this suit by attorney immunity.  The deficiencies in Plaintiff's Complaint cannot be cured by amendment. *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) ("a district court may refuse leave to amend if the filing of the amended complaint would be futile, i.e., if the complaint as amended would be subject

7

to dismissal."). Therefore, the Court RECOMMENDS that Defendant's motion (Dkt. 29) be GRANTED and this case be DISMISSED with prejudice as to Shapiro.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

 Signed on June 02, 2020, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge