United States District Court
Southern District of Texas
**ENTERED**
June 26, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BILLY TROY DERAMUS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-19-4683 |
| | § | |
| SHAPIRO SCHWARTZ LLP and | § | |
| NATIONSTAR MORTGAGE LLC, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING THE MEMORANDA AND RECOMMENDATIONS
AND DISMISSING THE CASE WITH PREJUDICE**

Based on a de novo review of the two memoranda and recommendations issued on June 2, 2020, by United States Magistrate Judge Christina A. Bryan, (Docket Entry Nos. 30, 31), this court adopts them as this court's own memoranda and opinions. The plaintiff, Billy Troy Deramus, did not object to the memoranda and recommendations.

Deramus's motion to supplement the complaint with a signature page, (Docket Entry No. 4), is granted.

Nationstar Mortgage LLC's motion to dismiss, (Docket Entry No. 9), is granted, and Deramus's motion to strike that filing, (Docket Entry No. 23), is denied. Shapiro Schwartz LLP's motion for judgment on the pleadings, (Docket Entry No. 29), to which Deramus did not respond, is granted. The court finds and concludes that Deramus failed to state a claim upon which relief can be granted, and that amendment would be futile.

Most of the statutes Deramus sued under do not create a private cause of action. (*See* Docket Entry No. 30 at 3–5; Docket Entry No. 31 at 3–4). His remaining claims, under the Fair Housing Act, 42 U.S.C. § 3613, and the Real Estate Settlement Procedures Act, 12 U.S.C. §§

2601, *et seq.*, are time-barred. (*See* Docket Entry No. 30 at 6–7; Docket Entry No. 31 at 5–6).[1]

Deramus also failed to include plausible factual allegations supporting his claims.

The case is dismissed with prejudice.

SIGNED on June 26, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

---

[1] In his December 2019 Notice, (Docket Entry No. 6), Deramus appeared to attempt to bring another party, Dieu Truong, into the case. This effort is moot in light of the dismissal.